IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 05-05537-JW |
|---|---|
| David Michael Smith and Tiffany Michelle Smith, | Chapter 13 |
| Debtors. | ORDER |

This matter comes before the Court upon a Motion for Sanctions filed by David Michael Smith and Tiffany Michelle Smith (hereinafter the Smiths shall be collectively referred to as "Debtors"). Debtors filed the Motion for Sanctions against CitiFinancial Auto Corporation ("CitiFinancial") and Freeman and Associates, Inc. ("Freeman"). In the Motion for Sanctions, Debtors request that the Court find that CitiFinancial and Freeman willfully violated the automatic stay by attempting to repossess Debtors' automobile during their ongoing chapter 13 bankruptcy case. As a result of the willful violation of stay, Debtors seek an award of actual and punitive damages. After considering Debtors' evidence and legal arguments and CitiFinancial's and Freeman's failure to file an objection or appear at the hearing on the Motion for Sanctions,[1] the Court concludes that Debtors, pursuant to § 362(h) of the Bankruptcy Code,[2] are entitled to damages arising from a willful violation of the automatic stay.[3]

**FINDINGS OF FACT**

1.  CitiFinancial holds a lien on a 2000 Jeep Grand Cherokee ("Jeep") in the possession of Debtors.

---

[1] The Court notes that Debtors appear to have properly served CitiFinancial and Freeman with the Motion for Sanctions.

[2] "Bankruptcy Code," as used herein, refers to 11 U.S.C. § 101 et seq. prior to the amendments provided by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Furthermore, internal references to specific sections of the Bankruptcy Code shall be referenced by section number only.

[3] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted such, and the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

2. On May 12, 2005, Debtors filed for relief under chapter 13 of the Bankruptcy Code.

3. On June 1, 2005 CitiFinancial filed a proof of claim for $9,652.62 plus interest against Debtors in this case.

4. On November 8, 2005, the Court confirmed Debtors' chapter 13 plan without objection.

5. The confirmed plan provides for monthly payments of $300.00 plus seven percent (7%) interest to CitiFinancial.

6. Ms. Smith is a head teller at Provident Community Bank, and on November 14, 2005, she used the Jeep to commute to work.

7. While at work, a representative of CitiFinancial called Ms. Smith at Provident Community Bank, and advised her that it was taking steps to repossess the Jeep. Ms. Smith advised the CitiFinancial representative that she was involved in an ongoing bankruptcy case and that CitiFinancial was not legally authorized to repossess the Jeep without an order from the bankruptcy court.

8. After receiving the phone call from CitiFinancial, a representative of Freeman, who served as a repossession agent of CitiFinancial, appeared a Ms. Smith's place of employment and demanded repossession of the Jeep.

9. Ms. Smith advised the Freeman representative that she was involved in ongoing bankruptcy case and that repossession of the Jeep was not legally authorized.

10. Despite Ms. Smith's protestations, the Freeman representative proceeded to repossess the Jeep by loading it onto the flat bed of a tow truck.

11.  Ms. Smith called her bankruptcy counsel for the purposes of obtaining legal advice to stop the repossession taking place at her place of employment.

12.  Upon receiving notice of the repossession, Debtors' counsel contacted a representative of CitiFinancial. The CitiFinancial representative admitted that the repossession was in error and ordered the release of the Jeep to Ms. Smith. Thereafter, the Freeman representative unloaded the Jeep from the flat bed of the tow truck and returned the Jeep to Ms. Smith.

13.  The repossession occurring at Ms. Smith's place of employment drew the attention of coworkers and customers and disrupted Ms. Smith from her duties. The repossession caused Ms. Smith to be humiliated and embarrassed in light of the fact that her co-workers, her managers and others observed the repossession and discovered that Ms. Smith was in bankruptcy.

14.  Furthermore, after being apprised of the improper repossession, Ms. Smith's husband, who is also a debtor in this case, became upset and had problems sleeping.

15.  Mr. Smith also had a difficult time assisting his wife during the repossession because he was recovering from an eight (8) day hospitalization in which he received extensive treatment for pneumonia.

16.  As result of the improper repossession, Debtors suffered actual damages in form of lost wages associated with the four (4) hours of missed work that Ms. Smith incurred while attending the hearing on the Motion for Sanctions, attorney's fees and costs, and emotional distress. Furthermore, in light of the egregious nature of CitiFinancial's and Freeman's willful violation of the automatic stay, Debtors are entitled to punitive damages.

## CONCLUSIONS OF LAW

Upon Debtors' filing of their bankruptcy petition, the automatic stay provided by § 362(a)[4] of the Bankruptcy Code went into effect and stayed any actions by CitiFinancial to collect its claim. In re Johnson, No. 97-06698-W, 2001 WL 1806979 at *4 (Bankr. D.S.C. June 26, 2001). Furthermore, § 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages." Debtors must prove, by clear and convincing evidence, a willful violation and damages in order to recover under § 362(h). See Bolen v. Mercedes Benz, Inc. (In re Bolen), 295 B.R. 803, 807 (Bankr. D.S.C. 2002) (noting that party seeking to recover for a willful violation of the stay must prove violation by clear and convincing evidence). See also In re Sammon, 253 B.R. 672, 679 (Bankr. D.S.C. 2000) (holding that in order to recover under § 362(h), Debtors must prove the following: (1) that a bankruptcy petition was filed, (2) that the debtors are "individuals" under the automatic stay provisions, (3) that creditors received notice of the petition, (4) that the creditors' actions were in willful violation of the stay, and (5) that that the debtors suffered damages.).

The undisputed facts of this case demonstrate that Debtors filed a chapter 13 bankruptcy petition on April 9, 2003. There is no dispute that Debtors are "individuals"

---

[4] In this case, Section 362(a) of the Bankruptcy Code, in pertinent part, provides as follows:

> . . . [A] petition filed under section 301, 302, or 303 of this title, . . ., operates as a stay, applicable to all entities, of –
> * * * *
> (4) any act to create, perfect, or enforce any lien against property of the estate; [and]
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title . . . .

4

entitled to recover under § 362(h). Furthermore, at the time of the repossession of the Jeep, the evidence indicates that CitiFinancial and Freeman had notice of Debtors' chapter 13 filing, and knew that Debtors were involved in an ongoing bankruptcy case. Therefore, determining whether the repossession of the Jeep constitutes a "willful violation" under § 362(h), and determining any amount of damages that Debtors may be entitled to collect are the only remaining issues to address.

**I) "Willful Violation" of the Automatic Stay**

In the Fourth Circuit, a willful violation of the stay occurs "when a creditor knows of the pending bankruptcy petition and intentionally attempts to continue collection procedures in spite of it." Bolen v. Mercedes Benz, Inc. (In re Bolen), 295 B.R. 803, 807 (Bankr. D.S.C. 2002) (citing cases). In this case, CitiFinancial and Freeman knew that of Debtors' ongoing bankruptcy case and intentionally repossessed Debtors' Jeep in spite of it and without receiving relief from the automatic stay. Therefore, CitiFinancial and Freeman committed a willful violation of the stay and are entitled to damages under § 362(h). Boone v. Federal Deposit Insurance Corp. (In re Boone), 235 B.R. 828, 833-34 (Bankr. D.S.C. 1998) ("A 'willful violation' does not require specific intent to violate the automatic stay. Rather [§ 362(h)] provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional").

**II) Damages**

Section 362(h) permits debtors to collect actual damages, including attorney's fees and costs, and punitive damages as a remedy for a willful violation of stay. Ms. Smith testified that she missed approximately four (4) hours of work in connection with Ms.

5

Smith's attendance at the Motion for Sanctions hearing. Accordingly, since Ms. Smith demonstrated that she earns $9.71 per hour at her place of employment, she is entitled to recover $38.84 in lost wages as compensation for the time spent pursuing the Motion for Sanctions.

Debtors also sought damages for the attorney's fees and costs they incurred as a result of CitiFinancial's and Freeman's willful violation of the automatic stay. After reviewing an affidavit of fees filed by Debtors' counsel, the Court finds that $2,186.00 in fees and costs is a reasonable award under the circumstances of this case.[5]

Debtors also sought damages for the emotional distress caused by the filing of the foreclosure action. During the hearing Debtors testimony indicated that they suffered from sleepless nights. Furthermore, Ms. Smith testified that the improper repossession of the Jeep at her place of employment subjected her to humiliation and embarrassment as co-workers and employees observed the repossession of the Jeep. The improper repossession also aggravated Mr. Smith's pneumonia symptoms while he was recovering at home following an extensive hospital visit. In light of the record before the Court, the Court finds that Debtors are entitled to collect $1,775.16 in damages for emotional distress.

Debtors also contend that they are entitled to treble damages as a result of damages arising from the conversion of their Jeep during the improper repossession conducted by CitiFinancial and Freeman. However, in light of the damages award herein, the Court

---

[5] In order to determine the reasonableness of the attorney's fees and paraprofessional fees charged by Debtors' counsel, the Court utilized the lodestar method adopted by Fourth Circuit in Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986).

finds it unnecessary to award damages or provide treble damages for the conversion cause of action.

The Court also notes that Debtors also made a claim for punitive damages pursuant to § 362(h). In light of the egregious nature by which CitiFinancial and Freeman repossessed Debtors' Jeep despite being fully aware that Debtors were involved in an ongoing bankruptcy case, the Court finds an award of punitive damages appropriate. Under the circumstances of this case, CitiFinancial and Freeman repossessed Debtors' Jeep without any statutory basis and failed to obtain relief from the stay pursuant to the prescribed procedures provided by § 362. Accordingly, under the circumstances of this case, the Court awards Debtors $5,000.00 in punitive damages.

### III) Conclusion

In light of the foregoing analysis provided herein, the Court concludes that CitiFinancial and Freeman committed a willful violation of the automatic stay pursuant to § 362(h). Furthermore, CitiFinancial and Freeman shall be jointly and severally liable to Debtors for $38.84 in lost wages, $2,186.00 in attorney's fees and costs, $1,775.16 in damages for emotional distress, and $5,000.00 in punitive damages for a total judgment amount of $9,000.00.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
_12/19_____, 2005